IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EDWARD RABE,

                Plaintiff,

v.                                             OPINION and ORDER

NANCY A. BERRYHILL,                             18-cv-757-jdp
  Acting Commissioner, Social Security Administration,

                Defendant.

---

      Plaintiff Robert Rabe seeks judicial review of a final decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, finding him not disabled under the Social Security Act. The administrative law judge (ALJ) found that Rabe had severe impairments in his right hand, right arm, and left shoulder. But he concluded that Rabe retained the residual functional capacity (RFC) to perform light work, subject to a few restrictions to accommodate his hand, arm, and shoulder.

      On appeal, Rabe says the ALJ erred by (1) failing to include any restrictions to account for Rabe's depression; (2) finding Rabe's testimony about medication side effects not credible; and (3) failing to explain the restrictions he provided to accommodate his shoulder and arm injuries. The case is scheduled for an oral argument on May 30, 2019, but the court concludes that oral argument is unnecessary. For the reasons explained below, the first two grounds warrant remand.

ANALYSIS

A.  Mental health limitations

Rabe says that he suffers from depression, and that his depression contributes to his disability. Two state agency psychologists, Mary Thompson and Laura Cutler, opined that Rabe's depression was a severe impairment and that it caused moderate limitations in his social functioning, his ability to understand and remember detailed instructions, and his ability to maintain concentration, persistence, or pace. R. 306, 310, 327, 332. But the ALJ found that Rabe's depression was not severe, and that it caused no more than mild limitations in any functional area. R. 19. He did not include any restrictions related to Rabe's mental health in the RFC.

The ALJ's discussion of Rabe's mental health in the context of the RFC is a scant two paragraphs. The ALJ said that he assigned little weight to Thompson's and Cutler's opinions because "[t]he longitudinal record, including new evidence at the hearing level, indicate that while the claimant was treated for depression, his symptoms are generally mild and do not interfere with his daily functioning." R. 25. But the ALJ did not explain what "new evidence" he was referring to, and all the evidence cited in the ALJ's mental health analysis was available when Thompson and Cutler rendered their opinions. *See* R. 19 (citing R. 284–92, 293–301, 293–301, 323–36).

The ALJ's analysis of that evidence was insufficient. He said that Rabe's depression appeared to be under control so long as Rabe was compliant with his medication. R. 19. He based this conclusion on the contrast between a doctor's note from 2007, which stated that Rabe's depression was under control with Cymbalta, R. 366, and Rabe's suicide attempt and depression in 2009, which occurred after Rabe lost his insurance and stopped taking Cymbalta,

2

R. 432. But the ALJ did not cite any evidence that Rabe's mental health improved after he went back on treatment. The ALJ also cited various daily activities that he said were evidence of advanced mental functioning. For example, he said that Rabe's ability to manage his bank accounts and take online college courses was evidence of his ability to maintain concentration, persistence, and pace. R. 19. But the ALJ did not explain how these activities—which Rabe conducted at home and at his own pace—show that he was able to perform similar activities throughout an eight-hour workday. And again, these records were all reviewed by the agency psychologists, who found greater limitations, but the ALJ did not explain why he disagreed with their assessments of the evidence.

The Commissioner says that the ALJ was not required to accept the opinions of the agency psychologists if they were inconsistent with the rest of the record. *See Simila v. Astrue*, 573 F.3d 503, 515 (7th Cir. 2009). But the Commissioner does not cite any evidence in the record that is inconsistent with Thompson's or Cutler's opinions. The ALJ is required to build a "logical bridge" from the evidence to his conclusions. *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009). The ALJ did not give valid reasons to reject Thompson's and Cutler's opinions. Because the ALJ did not adequately explain his reasoning, the court will remand for a new mental health assessment.

**B. Medication side effects**

At the hearing, Rabe testified that his antianxiety, antidepressant, and narcotic pain medications cause drowsiness, preclude him from driving, and interfere with his concentration. R. 39–40, 55. This testimony was supported by neurocognitive testing that showed slow information processing, which his psychologist attributed to narcotic pain medication. R. 845–46. But the ALJ found that Rabe's testimony was not credible, R. 23, and he did not provide

3

any work restrictions related to medication side effects. The ALJ did not explain why Rabe's corroborated testimony about these side effects was not credible, or why those side effects would not warrant further restrictions.

The Commissioner says that the ALJ reasonably determined that Rabe's testimony was contradicted by Rabe's reported activities, such as hunting, cooking, and other household chores, and evidence that Rabe's pain improved with treatment. *See* R. 24. But the ALJ did not explain how this evidence cast doubt on Rabe's testimony that his medications caused drowsiness. Although it is not entirely clear from the ALJ's decision, it appears that the ALJ believed that Rabe's reported activities contradicted his allegations of near-total disability in his hand and arms. R. 48–51. But the ALJ nonetheless incorporated *those* limitations into the RFC, as explained below. R. 20. For reasons that are not explained, the ALJ discredited only Rabe's corroborated testimony about his medication side effects.

On remand, the ALJ should reconsider the side effects of Rabe's medications and determine whether they warrant any further restrictions.

**C. RFC assessment of Rabe's physical limits**

The ALJ concluded that Rabe could only occasionally reach with his right arm, was precluded from any gross or fine manipulation with his right hand, and was precluded from any overhead reaching with his left arm. R. 20. Rabe contends that the ALJ failed to adequately explain these restrictions. But Rabe does not point to evidence that would justify further restrictions, so this is not an independent ground for remand. *See Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016).

Rabe contends that the ALJ made two errors in the RFC. First, Rabe says that the ALJ failed to explain the restrictions he placed on Rabe's right arm. The ALJ gave "considerable

4

weight" to the opinion of Dr. Amanda Lange, R. 25, who said that Rabe was unlimited in his ability to reach with either arm. R. 330. But the ALJ restricted Rabe to only occasional reaching with his right arm. R. 20. Rabe argues that the ALJ should have more thoroughly explained why he departed from Lange's opinion, but this error is harmless. The error benefitted Rabe because the ALJ placed *greater* restrictions on Rabe's ability to work. Rabe also argues that if the ALJ departed from Lange's opinion, he should have also credited Rabe's testimony that Rabe had difficulty lifting objects or completing tasks with his right hand. R. 48–49. But the ALJ *did* account for this testimony—he precluded Rabe from any gross or fine manipulation with his right hand and arm. R. 20. Rabe does not explain what further restrictions the ALJ should have provided.

Second, Rabe says that the ALJ failed to explain the restrictions he placed on Rabe's left shoulder. Again, the ALJ departed from Lange's opinion that Rabe had no limitation in reaching and added a restriction precluding Rabe from any overhead reaching with his left arm. R. 20. Rabe says that the ALJ should have instead precluded him from reaching in any direction. But Rabe's left shoulder appears to have improved following surgery and continued cortisone shots. R. 49–51, 983–87. And when the ALJ asked Rabe whether the range of motion in his left arm was still limited following treatment, Rabe testified that it was only somewhat limited and that he could not lift his arm over his head. R. 49–51. So the ALJ provided Rabe with the exact restriction he asked for: no overhead reaching.

Rabe cites various records that he says are evidence of further restrictions, but several of them refer to restrictions in the use of his *right* shoulder. *E.g.*, R. 709–11, 838–39. Rabe did report in October 2013 that he had difficulty reaching into his back pocket or putting on his pants due to left shoulder pain, but that was while he was still recovering from surgery. R. 988.

5

Even in that case, the doctor noted that Rabe's shoulder was improving. R. 986. Because Rabe no longer described difficulty reaching down or backwards during his testimony in 2014, it was reasonable for the ALJ to restrict only his overhead reaching.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, denying plaintiff Robert Rabe's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The May 30, 2019 oral argument is CANCELED.

Entered May 29, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge